```
              UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW HAMPSHIRE
```

Devin Richardson

   v.                                       Civil No. 14-cv-453-LM

Cheshire County et al.[1]


### REPORT AND RECOMMENDATION

Before the court is New York federal prisoner Devin Richardson's complaint, asserting that defendant Cheshire County, its agencies, and officers of the Cheshire County House of Corrections ("CCHC") violated Richardson's First, Eighth, and Fourteenth Amendment rights while he was a CCHC inmate. The matter is before the court for preliminary review to determine if the complaint states any claim upon which relief might be granted. See 28 U.S.C. § 1915A(a); LR 4.3(d)(2).

### Preliminary Review Standard

The court may dismiss claims asserted in an inmate's complaint if the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails

---

[1]Defendants are Cheshire County, the Cheshire County Department of Corrections, the Cheshire County House of Corrections ("CCHC"), and the following CCHC employees: Maj. Mousseau, whose first name is unknown ("FNU"); Capt. FNU McLaughlin; Sgt. FNU Byer; Sgt. FNU Koteaira; Corrections Officer ("C.O.") FNU Tocci; and C.O. FNU Peliquinn.

to state a claim, or the action is frivolous or malicious.  See 28 U.S.C. § 1915A(b); LR 4.3(d)(1).  In determining whether a pro se complaint states a claim, the court must construe the complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  The court treats as true all well-pleaded factual allegations, and construes all reasonable inferences in plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

**Background**

Richardson was a CCHC inmate in June/July 2014, during the Muslim holy month of Ramadan.  Richardson alleges that he practices his faith during Ramadan by fasting from sunrise to sunset.  He claims that the defendant county jail officials served his dinner meal frozen and more than one hour after sundown on each of eleven nights during Ramadan, causing him to have to extend his fast on those nights, and requiring him to use the housing unit's microwave to heat his meals.  He further alleges that from June 29 through July 10, 2014, none of his meals included double-portions of any item other than protein, causing him to receive less food per day over that period than

2

other inmates.  Finally, he alleges that Sgt. Koteaira and C.O. Tocci served him his morning meal on July 8 and July 10 more than an hour after sunrise, leading Richardson to forego his morning meal on those days.

**Discussion**

I.   First Amendment

The First Amendment's Free Exercise Clause "requires government respect for, and noninterference with, the religious beliefs and practices of our Nation's people."  Cutter v. Wilkinson, 544 U.S. 709, 719 (2005).  "The free exercise inquiry asks whether government has placed a substantial burden on the observation of a central religious belief or practice and, if so, whether a compelling governmental interest justifies the burden."  Hernandez v. Comm'r, 490 U.S. 680, 699 (1989).  An inmate's First Amendment right to exercise his religion in jail may be restricted by prison officials if the restriction is "reasonably related to legitimate penological interests." Beard v. Banks, 548 U.S. 521, 528 (2006) (internal quotation marks omitted) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)).

Each of Richardson's religious freedom claims centers on the food served to him at night and in the morning, over an eleven day period during Ramadan while he fasted.  With respect to his evening meals, Richardson has not alleged any facts

3

suggesting that CCHC officers placed any substantial burden on his religious practices. Although each meal is alleged to have arrived frozen, he had access to a microwave to heat his food. Each evening meal is also alleged to have arrived after 10 p.m., which meant that his fast lasted an hour or so longer than his faith required. He also alleges that he did not receive double servings of every item on his plate, from which this court infers that Richardson received fewer calories per day, but no less protein, than other inmates for eleven days. Finally, Richardson alleges that on two dates in July, he was denied breakfast in time to eat before he started to fast that day. Richardson has not alleged, however, that the quantity, timing, or temperature of food he received caused him any harm, or otherwise had a substantial impact on his ability to maintain the Ramadan fast. Richardson has therefore failed to plead facts sufficient to show a substantial burden on his religious practices. Accordingly, the court should dismiss Richardson's First Amendment free exercise claims, relating to the meals served to Richardson at CCHC from June 29 through July 10, 2014.

II.  Fourteenth Amendment Equal Protection

The Fourteenth Amendment's Equal Protection Clause requires states to treat similarly situated people in a similar manner. City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432,

439 (1985).  Generally, to establish an equal protection claim, a plaintiff must demonstrate that, (1) compared with others similarly situated, he was selectively treated, and (2) that the selective treatment was motivated by purposeful discrimination on some improper basis, such as plaintiff's membership in a particular race or religion.  See Hernandez v. New York, 500 U.S. 352, 360 (1991).

Richardson has not asserted any facts which would allow the court to infer that Richardson was treated differently than any "similarly-situated" non-Muslim inmate.  The facts alleged neither show nor give rise to any reasonable inference that religious discrimination was the motive for any disparity in the temperature, amount, and timing of meals served to Richardson, compared to other inmates in the general population. Accordingly, the court should dismiss Richardson's equal protection claims.

III. Eighth Amendment

Richardson has alleged that the cold, smaller portions of food provided to him during Ramadan violated his Eighth Amendment right to humane conditions of confinement.  "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994).  "'[D]eliberate

indifference' . . . requir[es] a showing that the official was subjectively aware of the risk."  Id. at 829.  Even if the court were to assume that Richardson's meals presented a substantial risk of serious harm to him, Richardson has not alleged any facts suggesting that any defendant was subjectively aware of such a risk.  Accordingly, the court should dismiss Richardson's Eighth Amendment claims relating to his meals during Ramadan.

## Conclusion

For the foregoing reasons, the court should dismiss Richardson's complaint.  Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

*[signature]*
Andrea K. Johnstone
United States Magistrate Judge

January 14, 2015

cc: Devin Richardson, pro se

6